<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

DAVID J. GARSIA,

    Plaintiff,

v.

WILLIAM "BILLY" PROCIDA, et al

    Defendants.

Civil Action No. 25-12038 (SDW) (AME)
Civil Action No. 25-12101 (SDW) (AME)

**WHEREAS OPINION**

February 10, 2026

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon Defendants 100 Mile Fund LLC, 100 Mile REIT Inc, 100 Mile Renard Totowa LLC, 468 Totowa Owner LLC, Charles Florio, Andrew Kovar, Mario Procida, Peter Procida, William Procida, Ron Simoncini, Spruce Street Partners LLC, Dino Tomassetti, Derek Weissman, Stephen Plofker, Bobbi Brown Plofker, and Sills Cummis & Gross P.C. (collectively, the "100 Mile Defendants") seeking the dismissal of the above-captioned actions on the basis of pro se Plaintiff David J. Garsia's ("Plaintiff") lack of Article III standing (D.E. 9), and this Court having reviewed the parties' submissions; and

    **WHEREAS** on June 18, 2025, Plaintiff filed for Chapter 7 bankruptcy and the United States Trustee for Region 3 appointed Steven P. Kartzman as the chapter 7 trustee ("Plaintiff's Trustee") of Plaintiff's bankruptcy estate. *See In re David J. Garsia*, No. 25-16412 (Bankr. D.N.J. 2025). Six days after filing for Chapter 7 bankruptcy, on June 24, 2025, Plaintiff filed this instant action, and a concurrent action in this Court (the "Complaints") asserting substantively identical claims against the 100 Mile Defendants. (D.E. 1).

1

**WHEREAS** the 100 Mile Defendants seek dismissal of both Complaints, arguing that Plaintiff lacks standing to assert the claims alleged in his complaints because Plaintiff voluntarily filed for Chapter 7 bankruptcy protection.  (D.E. 13).  Plaintiff counters that the 100 Mile Defendants' standing argument is moot due to the dismissal of the Chapter 7 bankruptcy proceedings.  (D.E. 18).

**WHEREAS** "[a]bsent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). Further, for a district court to have jurisdiction over an action, the plaintiff must have standing at the time of the filing of the complaint.  *Comité de Apoyo a los Trabajadores Agrícolas v. Perez*, 148 F. Supp. 3d 361, 368 (D.N.J. 2015) (citing *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014)).

**WHEREAS** in Chapter 7 liquidation, only the Chapter 7 Trustee has standing to prosecute claims on behalf of the estate.  11 U.S.C. § 323(a); *In re Truong*, 557 B.R. 326, 342 (Bankr. D.N.J. 2016) (citing *Cain v. Hyatt*, 101 B.R. 440, 442 (E.D.Pa.1989) ("[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action")).  Here, the conduct alleged in the Complaints occurred before Plaintiff filed his bankruptcy petition on June 18, 2025.  Therefore, these claims and any damages arising from them are property of the estate.  Hence, Plaintiff, as debtor and not the trustee of the bankruptcy estate, lacks standing to bring such claims.  Moreover, the dismissal of the Chapter 7 bankruptcy case does not cure Plaintiff's deficient standing as standing must exist at the time of the filing of the Complaints.

2

Accordingly, the Complaints are **DISMISSED**.  An appropriate order follows.


<u>/s/ *Susan D. Wigenton*</u>
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:  Clerk
cc:    Parties
       André M. Espinosa, U.S.M.J.